Curia, per

O’Neall, J.
The first ground for non-suit cannot avail the defendants. The ca. sa. was lodged before return day, regularly returned non est, and after the term to which it was returnable, thésé writs, in debt were sued out against the bail. This is all which by law is required ; Ancrum vs. Sloan, 1 Rich. 421; Saunders vs. Bobo, 2 Bail. 492; Saunders vs. Hughes, 2 lb. 514. In Saunders vs. Hughes, the ca. sa. was, in fact, only eleven days in the sheriff’s office: it was held to be,quite enough. *148 The only time necessary for the ca. sa. to remain in the sheriff’s office is that which will enable him to search for the defendant, and truly to return non estinventus.
The second ground is equally ineffectual. The declaration in the case of Rosenberg vs. Marechal is very in-artifieially drawn, but still it sets out the making of a promissory note to Goldberg or bearer; that the plaintiff was the bearer, and a promise to him. This would have been enough to prevent an arrest of judgment. For, although not very technically stated, yet there is a statement of a good cause of action, on which the court can give judgment. This is enough. But if it had been a defective statement, still it would not have availed the bail. To have even an exoneretur entered on the bail piece they must shew some substantial variance between the cause of action set out in it, and that declared on, — mere technical objections to the record constitute no ground of exoneretur. Much less can they be set up as defence under regular pleading to an action on the bail bond.
The ground for new trial makes it necessary to consider the various pleas, under which questions for the court arose. The first of these is the 2d plea ; that the cause of action set out in the recovery is not the same with that mentioned in the bail bond. On comparing the bail bond with the record set out in the declaration, it seemed that there was no variance. The defendant was bound to answer to the plaintiff in an action of assumpsit. The record produced agreed with that requisition. The affidavit to hold to bail sets out that the defendant, Marechal, was indebted to the plaintiff by note of hand. The record shews the same fact. The third, fourth and fifth pleas are founded in mistake. The sixth plea objects that the affidavit to hold to bail does not set out how or on what account the defendant, Marechal, became indebted to the plaintiff. The 7th plea urges that the affidavit does not set out that the debt was due. Neither of these objections are tenable. Neither of them can be made by plea. If available at all, it is by motion to have an exoneretur entered on the bail piece. Saunders vs. Hughes, 2 Bail. 509. *149 But the cause of action is very sufficiently set out in the affidavit; it states that the defendant, Marecha!; is “justly indebted to him” (the plaintiff) “in the sum of two hundred and forty-four dollars, by -his promissory note, dated June 15th, 1842.” This is a.better statement of the cause of action than that in Saunders vs. Hughes, which was held to be sufficient. So, too, it is aS explicit as that in Tobias vs. Wood, 1 McM. 103, which was held not to be cause for an exoneretur. The- case of Tobias vs. Wood ruled, that when an affidavit, as in this case, stated that a party was indebted to another, it stated a present and not a future debt. The defendants’ 8th plea sets out the statute of H. 6, and avers that the bail bond, was not taken in conformity to it. The plaintiff replied that it was, and tendered an issue to the • country: The defendant demurred, on the ground that the replication makes an issue of fact of a question of law. There is no doubt this is true. But the rule is, on a demurrer, that the court goes back to the first fault in pleading. The defendants’ plea is just as objectionable as the plaintiff’s replication. The .bail bond had been fully set out in the declaration, and if it does not conform to'the law, there was no question of fact; it was a legal question, and should have been- -made by demurrer and not by plea. The defendants’ eighth plea was, therefore, bad, and under their own demurrer was obliged to be overruled. The condition of the bail bond was, however, perfectly good. It is true, the statute of H. 6, c. 9, only requires the bond to be conditioned for the party’s appearance at the day contained in the writ. This, in Saunders vs. Hughes, was held to be an appearance at the return term of the writ, and that the condition, to make that certain, must give the name of the plaintiff, and the form of the action to which the defendant is required to answer: 2 Bail. 512. The Act of 1839, 11 Stat. 29, adopts that, and requires the condition to contain “ a provision for the appearance of the defendant at the Court Housé of the district, to answer to such plea as may be expressed in the process of the plaintiff, at the term of the court next succeeding the return day thereof.” ' That the condition sets *150 out the damages does not affect its validity: it was unnecessary to be stated, and cannot, under a familiar maxim, utile per intile non vitiatur, affect the bond.
The defendants’ motions are dismissed.
Richardson, Evans, W arde aw and Frost, JJ. concurred.
Butler, J. absent at the argument.